IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Mulhearn and Margaret Simmons, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10 C 362 |
| Global Credit & Collection Corporation, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiffs, Thomas Mulhearn and Margaret Simmons, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Thomas Mulhearn ("Mulhearn"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Citibank, despite the fact that he was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Margaret Simmons ("Simmons"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Global operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Global is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Global does business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers.

7. Moreover, Defendant Global is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B.

### FACTUAL ALLEGATIONS

**Mr. Thomas Mulhearn**

8. Mr. Mulhearn is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed to Citibank. When Defendant Global began trying to collect the Citibank debt from Mr. Mulhearn, he

sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Global's collection actions.

9. On November 10, 2009, one of Mr. Mulhearn's attorneys at LASPD wrote to Defendant Global, and informed Global that Mr. Mulhearn was represented by counsel, and directed Global to cease contacting him, and to cease all further collection activities because Mr. Mulhearn was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant Global sent a collection letter, dated November 17, 2009, directly to Mr. Mulhearn, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on December 22, 2009, Mr. Mulhearn's LASPD attorney had to send Defendant Global another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Margaret Simmons**

12. Ms. Simmons is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Capital One. When Defendant Global began trying to collect the Capital One debt from Ms. Simmons, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Global's collection actions.

13. On July 30, 2009, one of Ms. Simmons' attorneys at LASPD wrote to Defendant Global, and informed Global that Ms. Simmons was represented by counsel, and directed Global to cease contacting her, and to cease all further collection activities

because Ms. Simmons was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Nonetheless, Defendant Global sent collection letters, dated September 16, 2009 and November 2, 2009, directly to Ms. Simmons, demanding payment of the Capital One debt. Copies of these letters are attached as Exhibits G and H, respectively.

15. Accordingly, on December 28, 2009, Ms. Simmons' LASPD attorney had to send Defendant Global another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

16. All of Global's collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Mr. Mulhearn's and Ms. Simmons' agent, LASPD, told Defendant Global to cease communications and to cease collections (Exhibits C

4

and F).  By continuing to communicate regarding these debts and demanding payment, Defendant Global violated § 1692c(c) of the FDCPA.

21.  Defendant Global's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22.  Plaintiffs adopt and reallege ¶¶ 1-17.

23.  Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.  Defendant Global knew that Mr. Mulhearn and Ms. Simmons were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant Global to cease directly communicating with Mr. Mulhearn and Ms. Simmons.  By directly sending Mr. Mulhearn and Ms. Simmons collection letters, despite being advised that they were represented by counsel, Defendant Global violated § 1692c(a)(2) of the FDCPA.

25.  Defendant Global's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Thomas Mulhearn and Margaret Simmons, pray that this Court:

1. Find that Defendant Global's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Mulhearn and Simmons, and against Defendant Global, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Thomas Mulhearn and Margaret Simmons, demand trial by jury.

                                                  Thomas Mulhearn and Margaret Simmons,

                                                By: /s/ David J. Philipps
                                                One of Plaintiffs' Attorneys

Dated: January 19, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com